```
          IN THE UNITED STATES DISTRICT COURT
        FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                      AT BLUEFIELD
```

**UNITED STATES OF AMERICA**

v.                                    CRIMINAL NO. 1:04-cr-00132-02

**CHRISTIE E. BAKER**


### MEMORANDUM OPINION AND ORDER

In Bluefield, on June 8, 2012, came the defendant, in person and by counsel, Derrick W. Lefler; came the United States by John L. File, Assistant United States Attorney; and came United States Probation Officer Brett S. Taylor, for a hearing on the petition to revoke the defendant's term of supervised release.

The court informed the defendant of the alleged violations contained in the petition to revoke the term of supervised release, filed on June 1, 2012. The court found that the defendant had received written notice of all the alleged violations as contained in the petition and that the evidence against the defendant had been disclosed. The court advised the defendant that, pursuant to Rule 32.1(b) of the Federal Rules of Criminal Procedure, she has the right to a hearing and assistance of counsel before her term of supervised release could be revoked. Defendant did not contest the factual allegations set forth in the petition. The court found that the charges were established by a preponderance of the evidence.

The court found that the Guideline imprisonment range for the revocation of supervised release upon such grounds was four to ten months. The court further found that the Guideline ranges issued by the Sentencing Commission with respect to revocation of probation and supervised release are policy statements only and are not binding on the court. Thus, the court stated that the relevant statutory provision is 18 U.S.C. § 3583(e)(3), which provides a maximum term of imprisonment of twenty-four months for a violation of a term of supervised release if the offense that resulted in the term of supervised release was a Class C or D felony. However, because defendant's supervised release had been revoked on an earlier occasion and she had been sentenced to a term of incarceration of four (4) months, the statutory maximum term of imprisonment was twenty (20) months. Neither party objected to the Guideline range and statutory penalty as determined by the court.

The court found that there was sufficient information before the court on which to sentence the defendant without updating the presentence investigation report.

After giving counsel for both parties and the defendant an opportunity to speak regarding the matter of disposition, the court **ORDERED**, pursuant to the Sentencing Reform Act of 1984, that the defendant's term of supervised release be revoked, and that she be incarcerated for a term of one (1) month. The court

imposed a term of supervised release of six (6) months following the defendant's period of incarceration. During her period of supervised release, defendant shall comply with the standard conditions of supervised release, as well as the previously-imposed special conditions. The court also imposes the additional special conditions:

1. Defendant is to reside at the Lebanon Community Corrections Center, a halfway house in Lebanon, Virginia, for a period of six months; and
2. The defendant shall adhere to all rules and regulations of the Lebanon Community Corrections Center while she is a resident there.

The court considered all of the factors in the case, and concluded that the sentence satisfied the statutory objectives of 18 U.S.C. § 3553, and was sufficient, but not greater than necessary, to protect the public, provide an adequate deterrent and reflect the seriousness of defendant's violations.

The defendant was informed of her right to appeal the court's revocation of her supervised release. The defendant was further informed that in order to initiate such an appeal, a Notice of Appeal must be filed in this court within fourteen (14) days. The defendant was advised that if she wishes to appeal and cannot afford to hire counsel to represent her on appeal, the court will appoint counsel for her. The defendant was further

advised that if she so requests, the Clerk of Court will prepare and file a Notice of Appeal on her behalf.

The defendant was remanded to the custody of the United States Marshals Service.

The Clerk is directed to forward a copy of this Memorandum Opinion and Order to counsel of record, the United States Marshal for the Southern District of West Virginia, and the Probation Department of this court.

It is **SO ORDERED** this 11th day of June, 2012.

ENTER:

*David A. Faber*
David A. Faber
Senior United States District Judge